IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL R. BLACK | : | |
| and | : | |
| CARYN BLACK, | : | CIVIL ACTION |
| | : | NOS. 14-2733 & 14-2734 |
| Appellants, | : | |
| v. | : | |
| | : | BANKRUPTCY CASE |
| RONALD D GIGLIOTTI | : | NOS. 11-18910 & 12-11986 |
| and CHRISTOPHER J GIGLIOTTI | : | |
| GROUP CORP., & THE PAUL REVERE | : | ADVERSARY NOS. |
| INSURANCE CO. | : | 12-0449 & 12-0471 |
| Appellees | : | |

## **MEMORANDUM**

Plaintiffs move for rehearing of this Court's order denying their appeal from the Bankruptcy Court of Eastern Pennsylvania's order granting Defendants summary judgment on their claims of piercing the corporate veil and nondischargeability of debt.

### I.   FACTUAL BACKGROUND & PROCEDURAL HISTORY

The Bankruptcy Court held Plaintiffs failed to meet the standard for piercing the corporate veil because there was no evidence Gigliotti Avignon was under-capitalized, or that Defendants siphoned any corporate funds or impermissibly comingled company assets. In re Gigliotti, 507 B.R. 826, 836 (Bankr. E.D. Pa. 2014). This Court affirmed the Bankruptcy Court's Order, finding Plaintiffs had not presented any evidence in support of their claim to piece the corporate veil. Black v. Gigliotti, No. CIV.A. 14-2733, 2014 WL 3858008 (E.D. Pa. Aug. 6, 2014).

### II. ANALYSIS

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.

1985), cert. denied, 476 U.S. 1171, 106 S. Ct. 2895, 90 L. Ed. 2d 982 (1986)).  A court should grant a motion for reconsideration only "if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice."  Drake v. Steamfitters Local Union No. 420, No. 97-585, 1998 U.S. Dist. LEXIS 13791, at *7-8 (E.D. Pa. Sept. 3, 1998) (citing Smith v. City of Chester, 155 F.R.D. 95, 96-97 (E.D. Pa. 1994)).  "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly."  Continental Casualty Co. v. Diversified Industries, Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Plaintiffs contend this Court erred in upholding the Bankruptcy Court's order because the Plaintiffs should not have to "show what each individual involved in a cabal of a multi-year criminal scheme behind the concealment of their company did in furtherance of the scheme. . . ."  Appellant's Br. at 2.  Yet, under Third Circuit precedent, this is precisely what Plaintiffs must show.  Without some evidence of malfeasance by the individual corporate officers, Plaintiffs cannot overcome the heavy burden to pierce the corporate veil.  Pearson v. Component Tech. Corp., 247 F.3d 471, 484-85 (3d Cir. 2001) ("The test, . . . is demonstrably an inquiry into whether the debtor corporation is little more than a legal fiction. Such a burden is notoriously difficult for plaintiffs to meet.").

Plaintiffs did not cite to any case law in their brief suggesting the Court applied the incorrect legal standard.  Plaintiffs have also not pointed to any new evidence.  Accordingly, their motion for rehearing shall be denied.